HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEON BLATT,

    Plaintiff,

v.

PETE SHOVE, et al.,

    Defendants.

CASE NO. C11-1711RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on two motions to dismiss: one from the Cities of Lake Stevens and Marysville and their employees, and another from Snohomish County Sheriff John Lovick. The court GRANTS in part and DENIES in part the Cities' motion (Dkt. # 93) and GRANTS Sheriff Lovick's motion (Dkt. # 88).

The effect of the court's disposition today is as follows:

1) The court has already dismissed with prejudice any claim arising under 42 U.S.C. § 1983 based on actions that Sheriff Lovick or any other Snohomish County agent took to deprive Plaintiff Leon Blatt of access to the courts while he was confined in the Snohomish County Jail. Jul. 12, 2012 order (Dkt. # 56) at 6-8, 11. To the extent that Mr. Blatt's second amended complaint (Dkt. # 80) attempts to resurrect those claims, it is improper.

2) The court dismisses as untimely all other claims that Mr. Blatt has attempted to state against Snohomish County, Sheriff Lovick, the Snohomish County

ORDER – 1

Superior Court, David Oster, and any other Snohomish County agency or employee.

3) The court declines to dismiss Mr. Blatt's federal claims against the police officers who arrested him, although those claims are limited to those arising out of his original complaint within the meaning of Federal Rule of Civil Procedure 15(c)(1)(B). The court does not suggest that the claims have merit.

4) The court declines to dismiss Mr. Blatt's federal claims against the two judges he named in his original complaint, although those claims are limited to those arising out of the judges' alleged refusal to determine whether probable cause existed to confine Mr. Blatt following his October 2008 arrest. The court does not suggest that these claims have merit, or that the claims avoid the absolute immunity afforded to judges for acts taken in their judicial capacities.

5) The court dismisses as untimely all claims against the City of Marysville, the City of Lake Stevens, and any other agent of those Cities other than those listed in the previous two paragraphs.

6) Mr. Blatt must serve summons and his second amended complaint on Officer Adam Vermuelen and the two judges within 30 days of this order, or the court will dismiss all claims against them.

The remainder of this order explains these conclusions.

## II. BACKGROUND

**A.  Mr. Blatt's First Complaint, His Efforts to Serve It, and His Pre-Suit Claim**

Mr. Blatt initiated this case on October 13, 2011 in a 4-page complaint. It contained straightforward factual allegations. Omitting Mr. Blatt's allegations against two attorneys appointed to represent him, which the court has dismissed with prejudice,[1] those allegations are as follows. Seven officers of the Marysville or Lake Stevens police

---

[1] The court first dismissed Mr. Blatt's claims against Vance Odell and Brian Ashbach in its July 24, 2012 order. Dkt. # 56. On May 1, 2013, the court dismissed his attempt to resurrect those claims in violation of that order. Dkt. # 87.

ORDER – 2

1  departments arrested Mr. Blatt (or "kidnapped" him, to use Mr. Blatt's words) and
2  "instigated false charges in the Marysville Municipal Court of 'Disorderly
3  Conduct/Obstruction.'"  Compl. (Dkt. # 4), ¶ II.A.  Two judges, Fred Gillings and "pro
4  tem Gehlsen," held him in jail for two months.  *Id.*  He asserted that he was never found
5  guilty of a crime, and that the two judges "denied [him] due process by denying [his]
6  requests for a probable cause determination."  *Id.*  John Lovick, the Snohomish County
7  Sheriff and Mr. Blatt's "jailor," refused his requests for access to the law library and
8  other legal resources, thus denying him access to the courts.  *Id.*

9        The complaint named only the seven police officers, the two judges (and an
10 "unknown pro tem"), the two attorneys, and Sheriff Lovick.  So far as the record reveals,
11 Mr. Blatt did nothing to serve his complaint until February 10, 2012, 120 days after he
12 filed it.  On that date, someone delivered summonses to the seven officers to the "Clerk"
13 allegedly authorized to accept service of process on behalf of the Marysville Police
14 Department.  Dkt. # 8 (Feb. 10, 2012 proofs of service).  The same person also delivered
15 summonses addressed to the two judges (along with a summons addressed to "Unknown
16 pro tem (Lorrie Towers)") to the "City Clerk and City Prosecutor" allegedly authorized to
17 accept service on behalf of the "City of Marysville and its employees."  *Id.*  He delivered
18 a summons addressed to Sheriff Lovick to the "Risk Management Clerk" allegedly
19 authorized to accept service for the Snohomish County Jail.  *Id.*  He also delivered
20 summonses addressed to several parties who were not named in the complaint: the City
21 of Marysville, the City of Lake Stevens, and Snohomish County.  *Id.*  He delivered the
22 Marysville summons to the City's "Risk Management Clerk + City Prosecutor," the Lake
23 Stevens summons to "Clerks" at "Lake Stevens City Hall/City," and the Snohomish
24 County summons to the "Risk Management Clerk" for the County.  *Id.*

25       On the same day that Mr. Blatt filed his complaint, he submitted a form for a pre-
26 suit claim for damages to the City of Marysville.  There, he stated as follows:

27
28 ORDER – 3

> Approximately ha[lf] a dozen Marysville and possibly Lake Stevens police abducted me and instigated false charges of "Obstruction/Disorderly Conduct" in Marysville Municipal Court. After spending a total of two months in jail, charge(s) was/were dismissed and I was released. The officers involved were [the seven officers listed in Mr. Blatt's complaint] and Brian

Dkt. # 36, Ex. 1. The pre-suit claim did not offer a last name for "Brian." It also stated no allegations of wrongdoing against anyone working for the Marysville Municipal Court. So far as the record reveals, Mr. Blatt served no other pre-suit claim.

### B. The Court Dismisses Some of Mr. Blatt's Claims With Prejudice and the Remainder Without Prejudice.

The court first addressed Mr. Blatt's complaint in a July 24, 2012 order addressing various motions to dismiss. The court dismissed with prejudice all 42 U.S.C. § 1983 claims against Sheriff Lovick and the two attorneys appointed to represent Mr. Blatt. The court ruled that the complaint did not contain factual allegations sufficient to state a claim invoking 42 U.S.C. § 1985 or § 1986, nor a claim against the Cities or the police officers, nor any claim arising under Washington law. The court dismissed those claims without prejudice and gave Mr. Blatt specific instructions should he choose to draft an amended complaint.

In the wake of the July 24, 2012 order, Mr. Blatt filed an amended complaint that ignored the court's instructions along with a flurry of improper motions and an improper appeal. The court addressed those improper submissions in a January 7, 2013 order (Dkt. # 77), and gave Mr. Blatt a final opportunity to file an amended complaint.

### C. Mr. Blatt's Second Amended Complaint

On February 8, 2013, Mr. Blatt filed his second amended complaint. Dkt. # 80. It is more than 70 pages long, purports to state forty-six causes of action against (by the court's best estimate) at least 18 Defendants. When the court first reviewed it, it stated as follows:

> The court suggests no approval of Mr. Blatt's Second Amended Complaint. It is much too long. Mr. Blatt promised to reduce it to fewer than 50 pages. It is more than 70 pages long. It is riddled with grammatical errors. It

ORDER – 4

> appears to restate claims that the court has already dismissed with prejudice, or to repackage those claims in a futile attempt to avoid the court's prior orders. It cites exhibits that do not exist, it contains dozens of blank spaces that Mr. Blatt apparently intended to fill in but did not, and it contains a number of lengthy excerpts that serve no purpose in a complaint whose purpose is to offer a "short and plain statement" of his claims. Fed. R. Civ. P. 8(a).

Mar. 1, 2013 order (Dkt. # 82) (footnote omitted). Nonetheless, because Mr. Blatt had paid his filing fee, the court permitted him to serve his complaint. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B) (permitting court to conduct sua sponte review of a complaint from a plaintiff proceeding *in forma pauperis* to determine if it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant with immunity).

Making sense of Mr. Blatt's second amended complaint is a tedious chore, for the reasons stated above and more. Although it purports to state 46 consecutively-numbered causes of action, it skips ten numbers for no apparent reason. The 36 enumerated claims are duplicative of each other. They suffer greatly from grammatical, typographical, and other drafting errors that permeate the complaint. They often leave the court guessing as to what law he is attempting to invoke and against which defendants.

Despite these defects, however, it is plain that Mr. Blatt is at least attempting to assert claims for violations of the United States Constitution arising under § 1983,[2] and claims invoking § 1985 and § 1986. He also attempts to assert claims arising under Washington law for false arrest, false imprisonment, malicious prosecution, abuse of process, outrage, spoliation of evidence, and various forms of negligence.

Unlike its predecessor, the second amended complaint explicitly names as Defendants the Cities of Marysville and Lake Stevens as well as Snohomish County. It also replaces the "unknown pro tem" of its predecessor with Lorrie Towers, and names David Oster (an employee at the Snohomish County jail) as a Defendant for the first time.

---

[2] Mr. Blatt also attempts to assert claims arising under Washington's Constitution alongside his federal claims. There is, however, no right to sue for damages arising from violations of the Washington Constitution. *Reid v. Pierce County*, 961 P.2d 333, 342-43 (Wash. 1988).

ORDER – 5

### D.  Defendants' New Motions to Dismiss

The two motions to dismiss now before the court followed Mr. Blatt's second amended complaint: one from the Cities and their employees (the police officers and the judges) and one from Mr. Lovick. Those motions depend largely on statute-of-limitations defenses stemming from Mr. Blatt's failure to properly or timely serve Defendants and his failure to comply with Washington's pre-suit claim provision for lawsuits against governmental units and their agents (RCW 4.96.020). Although Mr. Lovick's motion contains generic allegations that Mr. Blatt's allegations are implausible, and thus fail to state a claim in accordance with *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and its progeny, those allegations almost completely ignore Mr. Blatt's second amended complaint. With very few exceptions, the motions do not address any specific factual allegations or attempt to demonstrate why any specific cause of action fails to state a claim against a defendant. The court accordingly will not consider whether Mr. Blatt's factual assertions suffice to state a claim, except to the extent it does so in considering whether his claims are timely.[3]

### E.  Mr. Blatt Serves the Second Amended Complaint.

After receiving the most recent motions to dismiss, Mr. Blatt allegedly served some individual Defendants for the first time. He purports to have effected personal service on five of the seven police officers. Dkt. # 104 (Jun. 30, 2013 proofs of service). Counsel accepted service of process on behalf of one other officer. Dkt. # 106-7 (Jul. 8, 2013 email accepting service on behalf of Jeffrey Franzen). He also purports to have served Snohomish County. Dkt. # 96 (May 30, 2013 proof of service). There is no evidence that he served any other Defendant with his second amended complaint.

With this background in mind, the court turns to Defendants' pending motions to dismiss.

---

[3] Mr. Lovick named his motion both a motion to dismiss and a motion for summary judgment. The court declines to treat it as a motion for summary judgment. It does not mention the standards applicable to a summary judgment motion, much less attempt to demonstrate that it has met those standards.

ORDER – 6

### III. BACKGROUND

**A. Applicable Statutes of Limitation**

The court begins by listing the statutes of limitation that apply to the claims in the second amended complaint. Claims under § 1983 and § 1985 are subject to a three-year statute of limitations borrowed from Washington law. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). Section 1986 contains its own one-year statute of limitations. 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). Washington provides a two-year limitations period for claims of false imprisonment. RCW 4.16.100(1). The same two-year limitations period applies to Washington false arrest claims. *Heckart v. City of Yakima*, 708 P.2d 407, 407 (Wash. Ct. App. 1985). The tort of outrage is subject to either a two- or three-year limitations period. *See Doe v. Finch*, 942 P.2d 359, 361 (Wash. 1997) (acknowledging disagreement among courts). A catchall three-year limitations period applies to any other action for "injury to the person or rights of another," RCW 4.16.080(2), including malicious prosecution and abuse of process claims and most negligence claims. If there is a claim within the second amended complaint to which a limitations period of longer than three years applies, Mr. Blatt has not identified it.

**B. Mr. Blatt's Claims Subject to a Limitations Period of Two Years or Fewer Are Untimely.**

As to Mr. Blatt's claims invoking § 1986 and his state-law claims for false arrest or false imprisonment, he plainly did not sue in time. The last of the events he describes in his complaint concluded in July 2009. He did not sue until October 2011.

**C. Many of Mr. Blatt's Claims Subject to a Three-Year Limitations Period Are Untimely.**

As to Mr. Blatt's claims to which a three-year limitations period applies, the analysis is more complicated. Mr. Blatt sued precisely three years after his October 2008 arrest. But when he sued, he sued only the seven police officers, the three judges

ORDER – 7

(including "unknown pro tem"), and Sheriff Lovick. Thus as to every Defendant who appeared for the first time in Mr. Blatt's second amended complaint, Mr. Blatt did not timely sue. As noted, the last of the events described in the second amended complaint concluded in July 2009, whereas Mr. Blatt did not file his second amended complaint until more than three years later, in February 2013.

### 1. Mr. Blatt's Claims Against Defendants Not Named in His Original Complaint Do Not Relate Back.

Mr. Blatt could attempt to argue that his claims against the new Defendants in his second amended complaint relate back to his original complaint. He has not attempted that argument, but it would fail in any event. An amended complaint against a party not named in the original complaint relates back only if the original complaint mistakenly named the wrong party and the proper party both received notice of the original complaint and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); *see also Krupski v. Costa Corciere S.p.A.*, 130 S. Ct. 2485, 2493 (2010) ("The question under Rule 15(c)(1)(C)(ii) is . . . whether [the later-named defendant] knew or should have known that it would have been named as a defendant [in the original complaint] but for an error.") There was no mistake as Mr. Blatt's failure to name the Snohomish County Superior Court; he simply omitted that Defendant and any allegations that would possibly apprise the County of a claim against it. David Oster was not on notice of any claim against him. Lorrie Towers, who was apparently the "unnamed pro tem" of the original complaint, perhaps received notice of the original complaint, but it states no allegations of wrongdoing against the "unnamed pro tem." As to the Cities and Snohomish County, even if the court strains mightily to assume that they might have been on notice from the original complaint that they faced claims based on respondeat superior liability (because the employed the police officers, the judges, and Sheriff Lovick), there are no viable claims to which respondeat superior applies. Respondeat

ORDER – 8

superior is inapplicable to § 1983 claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although it is potentially applicable to a § 1985 claim, *see Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998), there is no § 1985 claim in the original complaint stated with sufficient specificity to apprise the Cities or the County that they could be liable. And although respondeat superior is potentially applicable to Mr. Blatt's claims invoking Washington law, those claims fail for another reason, which the court will now discuss.

### 2. Mr. Blatt Filed No Proper Pre-Suit Claim as to Any Timely Claim Arising Under Washington Law.

Before filing a state-law claim against a unit of local government or one of its agents, a plaintiff must file a pre-suit claim for damages.[4] RCW 4.96.010(1). A plaintiff is prohibited from filing a lawsuit encompassing the pre-suit claim until 60 days have passed, although any applicable statute of limitations is tolled during the 60-day period. RCW 4.96.020(4). Prior to 2009, courts strictly enforced pre-suit claim procedures. *Bosteder v. City of Renton*, 117 P.3d 316, 328 (Wash. 2005). In 2009, however, the Washington Legislature amended the statute to dictate that substantial compliance with pre-suit claim procedures would suffice. RCW 4.96.020(5) ("With respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory."); *Myles v. Clark County*, 289 P.3d 650, 655-56 (Wash. Ct. App. 2012) (deeming amendments to apply to any "precipitating event" occurring after amended statute's July 2009 effective date).

The court assumes, without deciding, that the liberal construction that the amended pre-suit claim statute mandates would deem Mr. Blatt's approach in this case to constitute substantial compliance *as to the allegations he described in his pre-suit claim*. Under the former version of the pre-suit claim statute, Mr. Blatt's original complaint was

---

[4] As the Cities acknowledge, Washington's pre-suit claim requirements do not apply to federal claims filed in federal court. *See, e.g.*, *Felder v. Casey*, 487 U.S. 131, 140 (1988); *Wyant v. City of Lynnwood*, 621 F. Supp. 2d 1108, 1111 (W.D. Wash. 2008).

ORDER – 9

invalid because he filed it without waiting 60 days after filing his pre-suit claim. *Sievers v. City of Mountlake Terrace*, 983 P.2d 1127, 1128-29 (Wash. Ct. App. 1999); *see also Bosteder*, 117 P.3d at 330. Assuming that the newly-mandated liberal construction requires the court to excuse his failure to wait 60 days before suing, even the most liberal construction would not allow the court to overlook that Mr. Blatt's pre-suit claim does not state any allegations against anyone other than the officers who arrested him. He did not submit a pre-suit claim to the City of Lake Stevens. The pre-suit claim he submitted to the City of Marysville does not state that any person working for the Marysville Court did anything. It does not state that the officers did anything other than unlawfully arresting or imprisoning him. As the court has noted, however, those allegations are subject to a two-year statute of limitations that had already expired when Mr. Blatt filed his pre-suit claim. The pre-suit claim is, in short, inadequate to preserve any claim arising under Washington law. Because he filed no additional pre-suit claim within three years of the events he describes in his complaint, he has no timely state law claims.

**D.     The Court Will Not Dismiss Mr. Blatt's Remaining Claims Merely Because of His Delay in Serving Defendants.**

What potentially remains of Mr. Blatt's suit are claims under § 1983 and § 1985 that he raised against the police officers or the judges in his original complaint. Again, the court does not suggest that any of those claims have merit.

Defendants insist that the court can dismiss these remaining claims because Mr. Blatt either has not served them at all, or he did not timely serve them. That view, in turn, finds its root in Federal Rule of Civil Procedure 4(m), which provides in relevant part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on its own motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

ORDER – 10

Defendants argue that because Mr. Blatt did not properly serve anyone within 120 days of either his original complaint or within 120 days of the date the court approved the second amended complaint for service, the court must dismiss this case.[5] Defendants ignore, however, that the court's decision to dismiss a complaint via Rule 4(m) is discretionary decision, not a mandatory one.

Rule 4(m) gives the court only limited discretion to dismiss a case for untimely service. A court cannot even consider dismissing a case for untimely service if a plaintiff shows "good cause" for failing to serve process within 120 days of filing his complaint. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Where a plaintiff does not show good cause, the court has discretion to dismiss the complaint. *Id.* In exercising that discretion, the court must consider whether the defendant will suffer any prejudice as a result of the delay. *United States v. 2,164 Watches*, 366 F.3d 767, 773 (9th Cir. 2004). It should consider whether the defendant had notice of the suit, despite plaintiff's failure to formally serve it. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). It should also consider what prejudice the plaintiff would face if the court were to dismiss the case. *Id.* Where a dismissal would mean that the plaintiff could not file a new suit within the statute of limitations, the court must consider the preference for resolving potentially meritorious actions on their merits. *Id.* at 772-73; *Mann v. Am. Airlines*, 324 F.3d 1088, 1091 (9th Cir. 2003). The Ninth Circuit has in some instances mandated that a court grant additional time for service where a dismissal would make a plaintiff's suit untimely. *Lemoge*, 587 F.3d at 1188.

Although Mr. Blatt has not attempted to demonstrate good cause for his delay in service, most factors weigh against the court exercising discretion to dismiss his case. There is no question that Mr. Blatt has botched and then delayed service of process. His

---

[5] Indeed, Defendants implicitly assert that Mr. Blatt's suit automatically became untimely when he failed to timely serve either of his complaints. That view misstates the law. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1091 (9th Cir. 2003) ("[T]he failure to serve process within Rule 4(m)'s 120-day period does not affect the tolling of the statute of limitations unless the failure to serve process causes the district court to dismiss the action.").

ORDER – 11

February 2012 attempts at service (on the last day of the 120-day period that began when he filed his complaints) did not comply with Federal Rule of Civil Procedure 4(e), which mandates personal service on individual defendants. The court does not fault Mr. Blatt, however, for not attempting service in the ensuing months, as the court considered Defendants' many motions to dismiss. Following the court's July 24, 2012 order, Mr. Blatt had no complaint to serve, as the court repeatedly struck his improper attempts at an amended complaint. Only once he filed his second amended complaint in February 2013 did he have a complaint he could attempt to serve. He offers no valid excuse for his failure to serve the complaint on the individual Defendants until June 2013, but a four- or five-month delay is not especially egregious. Defendants have not attempted to point to any prejudice they have suffered as a result of the delay. Delay itself is not prejudicial; delay that hampers a defendant's ability to defend is. *See Efaw*, 473 F.3d at 1041 (observing that the death of an eyewitness during a seven-year delay in service prejudiced the defendant). No individual Defendant contends that he did not have notice of Mr. Blatt's suit. Most importantly, to dismiss Mr. Blatt's complaint now would be to put him out of court because all applicable statutes of limitations have run. All of these considerations merit against a dismissal for untimely service.

      Weighing in favor of a dismissal are the many indications that Mr. Blatt is pursuing this suit in bad faith. Although the present motions contain no attacks on the factual assertions of the second amended complaint, those assertions suggest a view of events so one-sided and exaggerated as to be nearly divorced from reality. Many of his assertions are implausible, especially because they lack the sort of objective factual detail that would make them plausible. Many of his assertions contradict themselves. He alleges, for example, both that he was continuously confined for the two months following his arrest and that he was released after just eleven days. Mr. Blatt has a long history of unsuccessful litigation in this District. He has done nothing in this suit to persuade the court that he is even marginally likely to succeed.

ORDER – 12

Weighing all of these factors, the court concludes as follows.  First, assuming that the proofs of service that Mr. Blatt filed to demonstrate service of the second amended complaint on five of the police officers are accurate, the court declines to invalidate that service merely because it was delayed.  As noted, counsel accepted service on behalf of Officer Franzen, and the court will not invalidate that service either.  As to Officer Adam Vermuelen and the two judges, Mr. Blatt has 30 days from the date of this order to effect proper service.  The court will not extend this deadline.  If Mr. Blatt does not comply, the court will dismiss claims against those Defendants, even though that will render those claims untimely.

### E.  Mr. Blatt's Remaining Claims Are Valid Only to the Extent that They Relate Back to His Original Complaint.

Before concluding, the court notes that the lengthy factual assertions and numerous causes of action that Mr. Blatt stated against the police officers and the judges in the second amended complaint scarcely resemble the skimpy allegations of his original complaint.  His second amended complaint came after the expiration of all statutes of limitation.  It nonetheless relates back to the original complaint so long as it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  The court will not attempt to determine which assertions and causes of action in Mr. Blatt's second amended complaint meet this standard.  *See*, *e.g.*, *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 933 (9th Cir. 2007) (considering "same conduct, transaction, or occurrence" standard); *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008).  Some of the claims in the amended complaint arise directly out of Mr. Blatt's allegedly unlawful arrest, and thus would appear to relate back.  Defendants have not considered relation back, and the court declines to conduct the analysis for them.  It merely notes that its order today is not a determination that any assertion or cause of action in the second

ORDER – 13

amended complaint relates back to the original complaint. It is thus possible that some of the remaining claims in the second amended complaint are untimely.

## IV.  CONCLUSION

For the reasons previously stated, the court GRANTS in part and DENIES in part the Cities' motion to dismiss (Dkt. # 93) and GRANTS Sheriff Lovick's motion (Dkt. # 88). What remains in the wake of this order are Mr. Blatt's federal claims against the seven police officers and the two judges. The clerk shall TERMINATE all other Defendants. The court will dismiss all claims against Officer Franzen and the two judges unless Mr. Blatt properly serves them within 30 days of this order.

The court urges all parties to reconsider their approach to this litigation. The court has already noted its concerns that Mr. Blatt is pursuing this litigation in bad faith. The court reiterates that its determination that some of Mr. Blatt's claims survive is not in any way a determination that they have merit. If Mr. Blatt chooses to continue to pursue this litigation, he faces the prospect of substantial monetary sanctions if evidence later supports the court's suspicion that he is lobbing accusations in bad faith. Defendants, for their part, ought to recognize that their efforts to have this case thrown out on procedural grounds have been almost completely to the exclusion of addressing the merits of Mr. Blatt's claims. If, as Defendants insist, Mr. Blatt's claims are false or frivolous, they ought to consider presenting evidence that would prove as much, either at trial or in a motion that permits the court to consider evidence, as opposed to allegations.

DATED this 7th day of February, 2014.

_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 14