HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEON BLATT,

    Plaintiff,

v.

PETE SHOVE, et al.,

    Defendants.

CASE NO. C11-1711RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the parties' motions in limine and Defendants' motion for an order to show cause why the court should not dismiss this case as a sanction for Plaintiff's litigation misconduct. For the reasons stated herein, the court GRANTS in part and DENIES in part each motion in limine (Dkt. ## 143, 145), and DENIES Defendants' motion for an order to show cause (Dkt. # 141).

## II. SUMMARY OF CLAIMS REMAINING FOR TRIAL

There are just two claims remaining for trial, both arising out of Plaintiff Leon Blatt's arrest in October 2008. Both claims invoke 42 U.S.C. § 1983. In one, Mr. Blatt contends that the six Defendants, who were all Marysville Police officers at the time of Mr. Blatt's arrest, arrested him without probable cause in violation of the Fourth Amendment. In the other, Mr. Blatt contends that the same arrest violated the First Amendment because Defendants made it in retaliation for his prior expression of "constitutionalist" viewpoints.

ORDER – 1

There are no other claims; there are no other Defendants. In a series of orders culminating in the court's August 18, 2014 order granting much of Defendants' motion for summary judgment, the court dismissed all of Mr. Blatt's other claims and dismissed all Defendants except the six police officers who remain.

### III.  DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE

The court has repeatedly described Mr. Blatt's litigation misconduct in its prior orders. Rather than repeat all of it, the court simply observes that it expects a pro se litigant like Mr. Blatt to make some mistakes that a lawyer would not make and to have difficulty navigating litigation in federal court. Were there evidence that Mr. Blatt's missteps were the result of a good faith effort to litigate legitimate claims, the court would have no reason to dwell on them. In this case, there is very little evidence of Mr. Blatt's good faith. He has articulated a number of legally baseless claims, asserted facially implausible facts for which he has never provided evidence, repeatedly missed court deadlines, and greatly increased the difficulty of bringing this case to a resolution.

As trial has approached, he has ignored many of his pretrial responsibilities. Defendants' motion for an order to show cause is dedicated to describing Mr. Blatt's failure to participate meaningfully in the process of preparing a pretrial order. To the extent he did participate, he continued to suggest that he does not take this litigation seriously. In his description of the likely testimony of Officer Pete Shove, one of the Defendants, he wrote as follows:

> He is expected to testify that he witnessed me being "disorderly", that he knows nothing of any barber shop, that I attacked police officers, that I fought jihad with ISIS, and whatever else he can make up.

He provided no list of exhibits, although he later stated that he did not intend to rely on any exhibit except to impeach witnesses.

Although the court is sympathetic to Defendants' frustration with Mr. Blatt's continued flaunting of his obligations in this litigation, the court will not grant their request that the court dismiss the case or order Mr. Blatt to show cause why it should not

ORDER – 2

dismiss the case. Lesser sanctions will suffice. In particular, Mr. Blatt has waived his right to present exhibits at trial by failing to disclose any exhibits in preparing the pretrial order. Similarly, Mr. Blatt has waived his right to submit jury instructions by failing to submit any of his own, and he has waived his right to have the court ask certain voir dire questions because he submitted no voir dire.

At the pretrial conference scheduled for Monday, December 8, at 9:00 a.m., the court will instruct Mr. Blatt as to his obligations during trial. If Mr. Blatt does not meet those obligations, he will face monetary sanctions.

## IV.  PLAINTIFF'S MOTION IN LIMINE

Among other missteps in the pretrial process, Mr. Blatt failed to meet and confer with Defendants as to all but one part of his seven-part motion in limine. That violates the court's local rules. Local Rule W.D. Wash. LCR 7(d)(4). The court could simply strike the portions of his motion for which he failed to meet and confer, but exercises its discretion not to.

Had Mr. Blatt complied with his obligation to meet and confer, he would have discovered that Defendants had no opposition to his motion to enforce Federal Rule of Evidence 615, which excludes witnesses from the courtroom so that they cannot hear other witnesses' testimony. The court, in accordance with its standard practice, will not permit any witness in the courtroom during the presentation of testimony or argument unless that witness has already testified and has been excused from further testimony by both parties. Mr. Blatt also would have discovered, if he had met and conferred, that Defendants had no intent to use his "mug shot" during trial, mooting that portion of his motion.

Mr. Blatt asks the court to prohibit the Defendants from offering expert testimony. The court notes that Defendants' pretrial statement discloses their intent to have officers who assert that they were not present at Mr. Blatt's arrest to "testify regarding standard police practices and training, and to the reasonableness of Plaintiff's arrest." That will

ORDER – 3

not happen.  No Defendant or any other witness will offer expert testimony, because no one has complied with Federal Rule of Civil Procedure 26(a)(2) as to the disclosure of expert testimony.  Defendants may testify, to the extent it is relevant in their capacity as percipient witnesses, as to their training and experience and opinions within the scope of that training and experience.  They may not offer their opinions on matters they did not witness.

No party will make reference to Mr. Blatt's pretrial monetary demands.  This case once involved dozens of claims against dozens of Defendants.  What remains is a much smaller case.  Mr. Blatt's earlier monetary demands are irrelevant.

Mr. Blatt asks for a blanket order prohibiting Defendants from introducing evidence of aliases he has used in the past.  The court will permit Defendants to introduce evidence of Mr. Blatt's alias only by first making an offer of proof outside the presence of the jury that a particular alias is relevant to the claims in this case.  The court does not agree with Defendants' assertion that the use of aliases is, by itself, evidence bearing on Mr. Blatt's credibility.

Mr. Blatt asks the court to prohibit Defendants from introducing evidence of their personal financial status.  That evidence is at least theoretically relevant to Mr. Blatt's claim for punitive damages, although Mr. Blatt suggests (without presenting evidence) that the City of Marysville or its insurers will pay any punitive damage award.  The court need not resolve these issues, because no party will mention punitive damages during the initial phase of this trial.  In the event that the jury returns a verdict in Mr. Blatt's favor on either of his claims, the court will immediately conduct a second brief phase of the trial before the same jury to determine if the jury will award punitive damages.  At that time, the parties may present evidence relevant to punitive damages.  Mr. Blatt is on notice that it is his obligation during the first phase of trial to present evidence proving that Defendants engaged in conduct that warrants punitive damages.  Any other considerations relevant to punitive damages will await the second phase of trial.  The

ORDER – 4

court reiterates that no party shall mention the possibility of punitive damages to the jury (or prospective jurors) before that second phase.

Finally, Mr. Blatt asks the court to exclude evidence of his previous arrests and prior convictions. Evidence of his arrests is potentially relevant as to a single issue – to what extent the fact of being arrested caused Mr. Blatt emotional distress. The court agrees with Defendants that Mr. Blatt's prior arrests could be relevant to show that Mr. Blatt, unlike a person who has never or rarely been arrested, was inured to the experience of arrest. At this time, however, the court can only speculate as to whether Mr. Blatt will put his emotional state as a result of being arrested at issue. If he does during his testimony, Defendants may request leave of court (outside the jury's presence) to inquire into Mr. Blatt's previous arrests. If the court grants leave, it will only permit Defendants to ask Mr. Blatt general questions as to whether he has been arrested before and how many times. Any evidence of the offenses for which Mr. Blatt was arrested is, on the record before the court, substantially more prejudicial than probative.

Assessing the admissibility of Mr. Blatt's prior convictions requires the court to consider Federal Rule of Evidence 609, which governs the use of convictions to impeach a witness. The court is in a poor position to consider the application of Rule 609 to most of Mr. Blatt's criminal convictions, because the Defendants have described only one of those convictions (a conviction in this District for various false statements) in any detail. Accordingly, the court will require Defendants to present evidence outside the presence of the jury regarding any conviction that they hope to use to impeach Mr. Blatt. The court will decide after hearing that evidence whether any conviction is admissible for that purpose.

## V. DEFENDANTS' MOTION IN LIMINE

Mr. Blatt did not oppose Defendants' motions in limine. He agreed to three parts of their nine-part motion, accepting Defendants' proposals to exclude evidence of whether any party has insurance, to exclude evidence of any settlement discussions, and

ORDER – 5

to prohibit Mr. Blatt from arguing that he is entitled to damages arising from his treatment at an incident in a barbershop in Lake Stevens prior to his October 2008 arrest. The court will enforce these agreements at trial.

Defendants ask the court to prohibit Mr. Blatt from introducing evidence of the eventual dismissal of the charges brought against him in the wake of his October 2008 arrest. Defendants contend, without presenting any evidence, that those charges were dismissed largely because prosecutors declined to invest further resources into prosecuting Mr. Blatt. Defendants contend that the dismissal had nothing to do with whether probable cause supported those charges, and that Mr. Blatt should not be able to argue otherwise. On this record, the court has no basis to accept Defendants' version of events (although it has no reason to doubt it). The court will hear from the parties outside the jury's presence on this issue. Mr. Blatt will be required to present admissible evidence that his charges were dismissed for lack of probable cause. If he cannot present at least some evidence in that regard, the court will exclude any evidence relating to the dismissal of the charges.

The court declines to dismiss Mr. Blatt's request for punitive damages. This portion of Defendants' motion is not a motion in limine, it is an untimely motion for summary judgment. The court suggests no opinion on the merits of Mr. Blatt's punitive damage claim. It reminds the parties that the jury will decide punitive damages in a second phase of trial that will occur only if the jury finds a Defendant liable on one or more of Mr. Blatt's claims, and that no one shall mention punitive damages in the jury's presence prior to that second phase.

Defendants also ask the court to exclude evidence of the duration of Mr. Blatt's confinement following his arrest. They point out that arresting officers are generally not liable for damages for confinement once someone other than the officers (a prosecutor or judge) concludes that there is probable cause to charge the arrestee. But arresting officers can be liable for continuing confinement in some circumstances. There is a rebuttable

ORDER – 6

1   presumption that a prosecutor's decision to bring criminal charges is a superseding cause
2   of prosecution and confinement that follows that decision.  *Smiddy v. Varney*, 665 F.2d
3   261, 266-67 (9th Cir. 1981); *see also Beck v. City of Upland*, 527 F.3d 853, 862-63 (9th
4   Cir. 2008) (reviewing *Smiddy* presumption and methods of rebutting it); *Borunda v.*
5   *Richmond*, 885 F.2d 1384, 1390 (9th Cir. 1988) (same).  The court has no evidence from
6   which it could apply this presumption or determine whether Mr. Blatt has rebutted it.
7   Accordingly, the court will hear from the parties outside the jury's presence.  Defendants
8   will be required to present evidence that a prosecutor or judge determined that there was
9   probable cause to charge Mr. Blatt.  If they do so, Mr. Blatt will be required to present
10  evidence tending to overcome the *Smiddy* presumption.  *Smiddy v. Varney*, 803 F.2d
11  1469, 1471 (9th Cir. 1986) (noting that plaintiff bears the burden of rebutting
12  presumption); *see also Beck*, 527 F.3d at 865 (holding that in addition to rebutting
13  presumption of independent judgment, plaintiff bears the burden of proving that probable
14  cause did not support the prosecutor's charges.)  If Mr. Blatt does not present at least
15  some evidence that is arguably sufficient to overcome these presumptions, the court will
16  exclude all evidence of his post-charge confinement.

17       Defendants have agreed that they will not attempt to argue that they had probable
18  cause to arrest Mr. Blatt for any crime except disorderly conduct in violation of the
19  Marysville Municipal Code.  The court will hold them to their agreement, which makes
20  evidence related to probable cause for any other crime (including disorderly conduct in
21  violation of Washington law) irrelevant.  Mr. Blatt may not offer such evidence.

22       The court grants Defendants' request to exclude hearsay evidence of the
23  statements of members of the Wallawine family.  Mr. Blatt's October 2008 arrest
24  occurred outside that family's home, after one or more members of that family called 911
25  to report Mr. Blatt's knocking on their door.  No party may introduce hearsay statements
26  from any member of that family.

27

28  ORDER – 7

Finally, the court grants Defendants' request to exclude statements from Mr. Blatt that he did not bring this lawsuit to obtain a monetary award. Mr. Blatt apparently intends to seek monetary damages. The court will not permit him to argue to the jury that a monetary award plays no part in his decision to bring this suit. He may, of course, argue that he has other motivations.

## VI.  CONCLUSION

As stated above, the court GRANTS in part and DENIES in part each party's motion in limine (Dkt. ## 143, 145), and DENIES Defendants' motion for an order to show cause (Dkt. # 141).

DATED this 5th day of December, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 8